# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| MATTHEW JAMES NICORI,<br><br>                Plaintiff,<br><br>     v.<br><br>BRANDON VIATOR, *et al.*,<br><br>                Defendants. | Case No. 4:23-cv-00012-JMK |

## **ORDER OF DISMISSAL**

On June 15, 2023, self-represented pretrial detainee in the custody of the State of Alaska, Matthew Nicori ("Plaintiff"), filed a civil rights complaint, a civil cover sheet, a petition for Writ of Habeas Corpus, an application to waive prepayment of the filing fee, and a motion for service by the U.S. Marshal.[1] The Court takes judicial notice[2] of Petitioner's ongoing criminal case, *State of Alaska v. Nicori,* Case No. 4BE-18-00520CR[3] and prior federal habeas action *Nicori v. Dolstram [sic],* Case No. 4:19-cv-00029-SLG-MMS.

---

[1] Dockets 1–4.

[2] Fed. R. Evid. 201(b)(2) permits judicial notice of a fact that is "not subject to reasonable dispute because it: . . . (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." *See also Headwaters Inc. v. U.S. Forest Service*, 399 F.3d 1047, 1051 n.3 (9th Cir. 2005) ("Materials from a proceeding in another tribunal are appropriate for judicial notice.") (internal quotation marks and citation omitted).

[3] Publicly available records of the Alaska Trial Courts may be accessed online at https://courts.alaska.gov/main/search-cases.htm.

Plaintiff brings suit against two criminal defense attorneys (Defendants Duvlea and Putikka), an Assistant Attorney General (Defendant Woolfstead), an Alaska State Trooper (Defendant Viator), and two unnamed "Doe" defendants ("Defendants").[4] In Claim 1, Plaintiff alleges Defendants Duvlea, Putikka, Viator, and Woolfstead violated his due process rights on May 29, 2018; June 6, 2018; December 13, 2018; January 29, 2019; and October 15, 2020.[5] In Claim 2, Plaintiff alleges Defendant Woolfstead violated his "right to compel witnesses for defense" on September 7, 2022 and February 9, 2023.[6] In Claim 3, Plaintiff alleges Defendants Duvlea, Putikka, and Woolfstead violated his right to a speedy trial on December 13, 2018; December 21, 2018; January 14, 2019; and September 2, 2021.[7] In Claim 4, Plaintiff alleges Defendant Viator defamed him on May 29, 2018, and June 6, 2018.[8] In Claim 5, Plaintiff alleges all Defendants violated his equal protection rights on May 29, 2018.[9] In his habeas petition, Plaintiff challenges his grand jury indictment and claims his constitutional rights have been continuously violated throughout his criminal proceedings in state court.[10]

---

[4] Docket 1 at 1–3, 12–14.

[5] Docket 1 at 4.

[6] Docket 1 at 5.

[7] Docket 1 at 6.

[8] Docket 1 at 7.

[9] Docket 1 at 8.

[10] Docket 1 at 12–14.

Case No. 4:23-cv-00012-JMK, *Nicori v. Viator, et al.*
Order of Dismissal
Page 2 of 8
Case 4:23-cv-00012-JMK   Document 7   Filed 12/04/23   Page 2 of 8

For relief, Plaintiff requests damages in the amount of $10,000 per day; punitive damages in the amount of $40,400 per day; an order requiring defendants to "relinquish exculpatory evidence held by inadmissible perjured hearsay," a declaration that Plaintiff should be given due process, and for his monetary damages to double from May 29, 2023, forward.[11]

**Plaintiff's Motion to Waive Prepayment of the Filing Fee**

The Court may authorize a prisoner to proceed without prepaying the filing fee upon application and a showing of indigency.[12] However, federal law only allows a prisoner to waive *prepayment* of the fees associated with civil lawsuits.[13] When a court allows a prisoner to proceed without prepaying the filing fee, the prisoner is still be obligated to pay the filing fee incrementally until paid in full, regardless of the outcome.[14] Further, although the Ninth Circuit Court of Appeals has held that "the filing fee . . . should not take the prisoner's last dollar,"[15] in this case, it appears Plaintiff has sufficient funds to prepay the filing fee. Specifically, the Prisoner's Account Statement for the six-month period prior to filing reflects a

---

[11] Docket 1 at 11.

[12] 28 U.S.C. § 1915(a)–(b).

[13] 28 U.S.C. § 1915(a).

[14] *See, e.g., Antonetti v. Foster,* Case No. 3:14-cv-495-JAD-VPC, 2015 WL 6437399, at *3 (D. Nev. 2015) ("Plaintiff will . . . be required to make monthly payments toward the full filing fee when he has funds available, even though this case is being dismissed.").

[15] *Olivares v. Marshall*, 59 F.3d 109, 112 (9th Cir. 1995).

Case No. 4:23-cv-00012-JMK, *Nicori v. Viator, et al.*
Order of Dismissal
Page 3 of 8
Case 4:23-cv-00012-JMK   Document 7   Filed 12/04/23   Page 3 of 8

beginning balance of $8,081.46 and ending balance of $7,977.33.[16]  Therefore, Plaintiff's motion at Docket 3 is DENIED.

Ordinarily, the Court would grant Plaintiff 30 days to pay the filing fee. However, upon review, the Court finds that permitting leave to amend in this case would be futile.[17]  Therefore, for the reasons explained below, this case is DISMISSED without prejudice.

## DISCUSSION

Federal law opens two main avenues to relief on complaints related to imprisonment:  a petition for habeas corpus and a civil rights complaint.[18]  A writ of habeas corpus allows an individual to test the legality of being detained or held in custody by the government.[19]  28 U.S.C. § 2241 ("Section 2241") provides federal courts with general habeas corpus jurisdiction.[20]  Section 2241 is the proper avenue to challenge pretrial detention when there is no state judgment.  A "habeas court has the power to release a prisoner but has no other power."[21]  "[H]abeas is

---

[16] Docket 3-1.

[17] *See, e.g., Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) (dismissal without leave to amend is proper when amendment would be futile); *Chaset v. Fleer/Skybox Int'l, LP*, 300 F.3d 1083, 1087–88 (9th Cir. 2002) (denial of leave to amend is not an abuse of discretion if the "basic flaw" in the underlying facts cannot be cured by amendment).

[18] *See Muhammad v. Close*, 540 U.S. 749, 750 (2004).

[19] *Rasul v. Bush,* 542 U.S. 466, 473 (2004).

[20] *Id.*

[21] *Douglas v. Jacquez,* 626 F.3d 501, 504 (9th Cir. 2010) (citation omitted).

Case No. 4:23-cv-00012-JMK, *Nicori v. Viator, et al.*
Order of Dismissal
Page 4 of 8
Case 4:23-cv-00012-JMK   Document 7   Filed 12/04/23   Page 4 of 8

the exclusive vehicle for claims brought by state prisoners that fall within the core of habeas corpus, and such claims may not be brought in a § 1983 [civil rights] action."[22]

To state a civil rights claim under 42 U.S.C. § 1983 ("Section 1983"), a plaintiff must allege plausible facts that, if proven, would establish (1) the defendant acting under color of state law (2) deprived the plaintiff of rights secured by the federal Constitution or federal statutes.[23] To act under color of state law, a complaint must allege that the defendant acted with state authority as a state actor.[24] To be deprived of a right, the defendant's action needs to either violate rights guaranteed by the Constitution or an enforceable right created by federal law.[25] Section 1983 does not confer constitutional or federal statutory rights. Instead, it provides a mechanism for remedying violations of pre-existing federal rights.[26]

In this case, Plaintiff seeks monetary damages, production of evidence, and a declaration that Plaintiff should be given due process.[27] Plaintiff has not

---

[22] *Nettles v. Grounds,* 830 F.3d 922, 927 (9th Cir. 2016) (en banc).

[23] *Gibson v. United States*, 781 F.2d 1334, 1338 (9th Cir. 1986).

[24] *West v. Atkins*, 487 U.S. 42, 49 (1988) (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941)).

[25] *Buckley v. City of Redding*, 66 F. 3d 188, 190 (9th Cir. 1995); *Blessing v. Freestone*, 520 U.S. 329, 340–41 (1997).

[26] *Graham v. Connor*, 490 U.S. 386, 393–94 (1989).

[27] Docket 1 at 11.

Case No. 4:23-cv-00012-JMK, *Nicori v. Viator, et al.*
Order of Dismissal
Page 5 of 8
Case 4:23-cv-00012-JMK   Document 7   Filed 12/04/23   Page 5 of 8

specifically sought release from custody in this action and success on his claims would not necessarily result in an earlier release from custody. Therefore, based on the requested relief, the Court finds converting this case into a habeas action would be inappropriate. Should Plaintiff wish to purse a writ of habeas corpus, he may file a petition for habeas corpus on the appropriate Court template form, which may be obtained from the Clerk of Court.[28]

With respect to any remaining claims, in order to recover damages for an allegedly unconstitutional conviction or imprisonment, a plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.[29] A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under Section 1983.[30]

Plaintiff is a pretrial detainee with ongoing criminal proceedings. So, he may not seek monetary damages for his alleged wrongful detention at this time. Further, Plaintiff has not alleged any specific facts that demonstrate an extraordinary circumstance warranting the Court's interference with the Alaska

---

[28] *See* Local Habeas Rule 2.1(a) (requiring petitions for a writ of habeas corpus to be filed on the Court's template form).

[29] *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1944).

[30] *Id.* at 487.

Case No. 4:23-cv-00012-JMK, *Nicori v. Viator, et al.*
Order of Dismissal
Page 6 of 8

Court System's regular judicial procedure.[31] The emotional toll and inconvenience of defending criminal charges are not the kind of special circumstances or irreparable harm to justify federal intervention.[32] Moreover, claims such as speedy trial and due process, if cognizable as constitutional claims, are more appropriately raised in his pending criminal case, on direct appeal should he be convicted, or in state post-conviction relief proceedings. Further, such claims must be properly exhausted before they can be brought in petition for habeas corpus in a federal court.[33] Therefore, the Court cannot grant Plaintiff's request for injunctive and declaratory relief.

As pleaded, Plaintiff fails to state a plausible claim upon which relief could be granted. The Court finds amendment would be futile.[34] Accordingly, this case must be dismissed. Federal law[35] requires that self-represented prisoners receive a "strike" if the case is dismissed "as frivolous or malicious or for failure to state a claim upon which relief may be granted."[36] However, because the Court will not

---

[31] *Jones v. Perkins,* 245 U.S. 390, 391–92 (1918) ("It is well settled that in the absence of exceptional circumstances in criminal cases the regular judicial procedure should be followed and habeas corpus should not be granted in advance of a trial.") (citations omitted).

[32] *See Younger, v. Harris,* 401 U.S. 37 (1971).

[33] See 28 U.S.C. §§ 2254(b)(1), (c); *see also Gray v. Netherland,* 518 U.S. 152, 161 (1996).

[34] *See, e.g., Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) (dismissal without leave to amend is proper when amendment would be futile); *Chaset v. Fleer/Skybox Int'l, LP*, 300 F.3d 1083, 1087–88 (9th Cir. 2002) (denial of leave to amend is not an abuse of discretion if the "basic flaw" in the underlying facts cannot be cured by amendment).

[35] 28 U.S.C.A. § 1915(g).

[36] Once a prisoner has accumulated three strikes, he may not proceed without paying the full filing

Case No. 4:23-cv-00012-JMK, *Nicori v. Viator, et al.*
Order of Dismissal
Page 7 of 8
Case 4:23-cv-00012-JMK   Document 7   Filed 12/04/23   Page 7 of 8

grant Plaintiff's motion to proceed without prepaying the filing fee, this case is DISMISSED as deficient. Therefore, this dismissal does not count as a strike.

**IT IS THEREFORE ORDERED:**

1. This action is DISMISSED as deficient and for futility of amendment.

2. Plaintiff's Application to Waive Prepayment of the Filing Fee at Docket 3 is DENIED.

3. The Motion at Docket 4 is DENIED as moot.[37]

4. The Clerk of Court is directed to enter a final judgment.

DATED this 4th day of December, 2023, at Anchorage, Alaska.

*/s/ Joshua M. Kindred*
JOSHUA M. KINDRED
UNITED STATES DISTRICT JUDGE

---

fee, unless "the complaint makes a plausible allegation" that the prisoner "faced 'imminent danger of serious physical injury' at the time of filing" of the complaint. *Andrews v. Cervantes,* 493 F.3d 1047, 1051–52 (9th Cir. 2007) (addressing imminent danger exception for the first time in the Ninth Circuit).

[37] Plaintiff is advised that the Court acts to resolve all pending cases in the most efficient manner possible. A federal district court is a trial court simultaneously addressing a volume and variety of cases of varying priorities; and a part of the Court's responsibility is to see that its resources are allocated in a way that promotes the interests of justice. Accordingly, the Court cannot issue orders and rulings purely on the best timeline for a litigant.